

FILED

NOV 23 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOHNNY MALDONADO, | No. C 11-03423 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| FRANCISCO JACQEZ, et al., | |
| Defendants. | |

Plaintiff, a California prisoner incarcerated at the Pelican Bay State Prison ("PBSP") in Crescent City, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against state officials. Plaintiff will be granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Legal Claims

Plaintiff challenges the change in his release date due to the alleged revocation of his 85% credit earnings based on his work group status. (Compl. at 3-5.) When he appealed through the prison grievance procedures, he was informed that CDC was following a change in law which was effective January 25, 2010. (Id. at 5.) Plaintiff claims that the change in law added four years to his sentence. (Id.) Plaintiff claims that this new legislation is in conflict with a three-judge court order directing PBSP to lessen its prison population. (Id.) Plaintiff requests that this Court "advise the 3-judge court of this under hand tactic the state used to pass a law that makes prisoners do more time," "to force California legislative to change the law back and rule it unconstitutional considering the crisis of over population in California's prison," and for the state "to get approval by the 3-judge court to change laws to make prisoners do more time." (Id. at 3-4.)

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting

Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). A parole or time credit claim, as in the case as bar, that affects the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Here, Plaintiff's claims affect the duration of his custody and the determination of the claim may result in entitlement to an earlier release, and therefore must be brought in habeas. See Butterfield, 120 F.3d at 1024. Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action is DISMISSED without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

///

///

///

## CONCLUSION

For the reasons stated above, this action is DISMISSED without prejudice to refiling as a habeas action.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

DATED: 11/24/11

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN JOHNNY MALDONADO,

        Plaintiff,

v.

FRANCISCO JACQUEZ, et al.,

        Defendants.

Case Number: CV11-03423 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __11/23/11__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Johnny Maldonado E33033
Pelican Bay State Prison
P.O. Box 7500
C7 207
Crescent City, CA 95532-7500

Dated: __11/23/11__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk